# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | Criminal Action No. 5:06cr00050-3 |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| EVELIO ARROYO-DUARTE. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This matter is before the court on petitioner Evelio Arroyo-Duarte's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Arroyo-Duarte challenges his convictions on various drug and gun charges, alleging that counsel provided ineffective assistance. Upon review of the motion and the records in the Arroyo-Duarte's criminal case, the court concludes that the motion must be dismissed without prejudice as premature because his direct appeal is still pending.

## I.

On April 10, 2007, Arroyo-Duarte pled guilty to conspiring to distribute and possess with the intent to distribute more than 50 grams of methamphetamine and a measurable quantity of amphetamine, in violation of 21 U.S.C. § 846; distributing or possessing with the intent to distribute more than 50 grams of amphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); distributing or possessing with the intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); distributing or possessing with the intent to distribute amphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possessing a firearm with a removed serial number, in violation of 18 U.S.C. § 922(k). The court accepted his guilty plea and, on June 26, 2007, sentenced Arroyo-Duarte to a total term of 135 months incarceration. Thereafter, Arroyo-Duarte filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit and his appeal is still pending. See United States v. Arroyo-Duarte, No. 07-4663 (4th Cir. filed July

2, 2007).

## II.

It is well established that, absent extraordinary circumstances, a federal district court should not consider a § 2255 motion while a petitioner's direct appeal is still pending. See Bowen v. Johnson, 306 U.S. 19, 26-27 (1939); United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993); United States v. Gordon, 634 F.2d 638, 638-39 (1st Cir. 1980); Welsh v. United States, 404 F.2d 333 (5th Cir. 1968); United States v. Davis, 604 F.2d 474, 484 (7th Cir. 1979); United States v. Taylor, 648 F.2d 565, 572 (9th Cir. 1981); United States v. Khoury, 901 F.2d 975, 976 (11th Cir. 1990); Womack v. United States, 395 F.2d 630, 631 (D.C. Cir. 1968); United States v. Tanner, 43 Fed. Appx. 724, 725 (4th Cir. 2002) (unpublished). Whether extraordinary circumstances exist is a question answered by balancing the need for speedy relief against the need for conservation of judicial resources. United States v. Robinson, 8 F.3d 398, 405 (7th Cir. 1993); Davis, 604 F.2d at 485. In this case, Arroyo-Duarte does not allege any extraordinary circumstances warranting noncompliance with this general rule. Consequently, the court finds that Arroyo-Duarte's motion is premature.

## III.

For the reasons stated, the court dismisses Arroyo-Duarte's § 2255 motion without prejudice.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 30th day of June, 2008.

United States District Judge