CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 10 2010
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Criminal No. 5:06cr50-3 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| EVELIO ARROYO-DUARTE | ) |
| Defendant. | ) By: Samuel G. Wilson |
| | ) United States District Judge |

This is a motion by petitioner, Evelio Arroyo-Duarte ("Duarte"), challenging his plea and sentence pursuant to 28 U.S.C. § 2255. Under a written plea agreement that waived his right to appeal guidelines sentencing issues and to collaterally attack his plea and sentence, Duarte pled guilty to conspiracy to distribute and possess with intent to distribute more than fifty (50) grams of methamphetamine and a measurable quantity of amphetamine, in violation of 21 U.S.C. § 846 (2006), two other drug-related offenses, and to possession of a firearm with a removed serial number in violation of 18 U.S.C. § 922(k). The court sentenced Duarte to 135 months incarceration for the first three counts and sixty (60) months concurrent for the fourth count – the firearm count. Duarte claims he received ineffective assistance of counsel because his counsel advised him to plead guilty to the firearm count although he was not guilty of that count and to stipulate to a role adjustment although he was not an organizer, leader, manager, or supervisor of any criminal activity. The court finds that these claims fall within Duarte's collateral attack waiver and are subject to dismissal on that ground. The claims also lack merit. Accordingly, the court *sua sponte* dismisses them.

I.

A grand jury for the Western District of Virginia indicted Duarte for conspiracy to distribute and possess with intent to distribute more than fifty (50) grams of methamphetamine

and a measurable quantity of amphetamine, two other drug-related offenses, and possession of a firearm with a removed serial number. Duarte pled guilty to all four counts pursuant to a written plea agreement that called for Duarte to be held responsible for 464.2 grams of methamphetamine and 1340.9 grams of amphetamine, stipulated that his base offense level under the guidelines should be increased by two levels based upon his role as an "organizer, leader, manager, or supervisor of others in the offense," waived his right to appeal guidelines sentencing issues and his right to collaterally attack his plea and sentence, and waived any claims of ineffective assistance of counsel known by him but not raised at the time of sentencing. The court advised Duarte of the possible penalties for each offense and thoroughly questioned him concerning his plea, including his waivers. After hearing a summary of the evidence, which Duarte admitted was accurate, and after hearing from Duarte that he was pleading guilty because he was in fact guilty, the court found that Duarte's plea was a knowing and voluntary plea supported by an independent basis in fact, accepted his plea and adjudged him guilty of each offense.

Under the "safety valve," the district court is permitted to impose a sentence regardless of any statutory mandatory minimum that would otherwise apply, provided, among other factors "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise." 18 U.S.C. § 3553(f)(4). The term "organizer, leader, manager, or supervisor of others" includes any defendant who received an adjustment for aggravating role under guideline § 3B1.1. Guideline § 5C1.2, comment, (n.5). At sentencing, Duarte initially contended that he was entitled to the benefit of the "safety valve." See U.S.S.G. § 5C1.2.1 and 18 U.S.C. §

3553(f). The court found that Duarte was not entitled to the "safety valve" because he had stipulated to a two-point role adjustment. The court then sentenced him to 135 months on the first three counts and sixty (60) months, to run concurrently, on the fourth count – the firearm count.

Duarte appealed, claiming that the court failed to give him the benefit of the "safety valve." The Court of Appeals noted from its review of the record that Duarte knowingly and voluntarily entered into the plea agreement and that his appellate waiver was valid and enforceable. It found his guideline challenge to be within the scope of that waiver and dismissed it on that ground. To the extent that Duarte challenged the application of the safety valve under the statute, it found that this court committed no error because Duarte did not dispute that he supervised at least one other person, and stipulated to an aggravating role adjustment which made him ineligible for the safety valve. Consequently, the Court of Appeals affirmed.

## II.

Duarte first claims that his counsel rendered ineffective assistance in advising him to plead guilty to Count Four, the firearm violation under 18 U.S.C. § 922(k). He essentially argues that the firearm played no role in his drug offenses and was not functioning, and that there was no nexus between the firearm and his drug trafficking offenses. His claim completely misses the mark. There is no requirement under § 922(k) that the firearm play any role in any other offense. Rather, the defendant must knowingly possess it, it must have an obliterated serial number, and it must have traveled through interstate or foreign commerce. See United States v. Betancourt, 116 F.3d 74, 75 (4th Cir. 1997). The court heard a summary of evidence in support of Duarte's plea that established all of those elements, and Duarte indicated that he heard nothing in that summary

3

with which he disagreed. Duarte further acknowledged that he understood the elements of the offense and that he was pleading guilty because he was in fact guilty. As a consequence, the court found that his plea was a knowing and voluntary plea supported by an independent basis in fact and accepted it. Accordingly, not only does Duarte's claim fall within the scope of Duarte's collateral attack waiver and is subject to dismissal on that ground, see United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005) (a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary), it is frivolous, and the court dismisses it.

### III.

Duarte next claims that his counsel rendered ineffective assistance in stipulating to a two-point role adjustment. "If the defendant was an organizer, leader, manager or supervisor in any criminal activity . . ." he is subject to an aggravating role adjustment under guideline § 3B1.1(c). The court heard a summary of the evidence to support the plea, and that evidence alone clearly supported the role adjustment under guideline § 3B1.1(c).[1] Duarte acknowledged that the evidence the court heard to support the plea was accurate. Consequently, this claim is also within the scope of his collateral attack waiver and frivolous, and the court dismisses it.

### IV.

Finally, Duarte claims that defense counsel was ineffective in not challenging his eligibility for the safety valve. As the Court of Appeals pointed out, the role adjustment alone

---

[1] According to the evidence in support of the plea, on October 20, 2006, Duarte dispatched two drug couriers to deliver two pounds of methamphetamine. (Plea Tr. at 57-62.) In fact, the conspiracy involved no fewer than four other individuals, and Duarte was the leader. (See Presentence Rep. at ¶ 13.)

precluded Duarte from receiving the benefit of the safety valve. Like his other claims, this claim also falls within the scope of Duarte's collateral attack waiver, is frivolous, and the court dismisses it.

**IV.**

For the reasons stated, the court denies Duarte's motion pursuant to § 2255.

**ENTER:** This 10th day of June 2010.

_____
UNITED STATES DISTRICT JUDGE